```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**NEVIN FARRIS,**

                               **Plaintiff,**

                                                      CIVIL ACTION
          **vs.**                                           No. 05-3380-SAC

**CORRECT CARE SOLUTIONS, et al.,**

                              **Defendants.**

## ORDER

Before the court is a pro se complaint filed under 42 U.S.C. 1983 by a prisoner incarcerated in Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff states he broke his hand in January 2005, and claims defendants failed to provide proper and timely medical care for this injury.

Having reviewed plaintiff's complaint, the court finds a greater showing of plaintiff's exhaustion of administrative remedies is required to avoid dismissal of the complaint without prejudice under 42 U.S.C. 1997e(a).

The Prison Litigation Reform Act, signed into law on April 26, 1996, amended 42 U.S.C. 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust

administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff states only that administrative relief was denied every time he requested such relief. This bare statement is insufficient. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome").

Because the language of 42 U.S.C. 1997e(a) expressly requires full exhaustion of administrative remedies prior to a prisoner bringing a suit in the federal courts, the court grants plaintiff the opportunity to demonstrate his compliance with this statutory requirement. The failure to file a timely response may result in the complaint being dismissed without prejudice, and without further notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days from the date of this order to supplement his complaint to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

DATED: This 29th day of September 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge