```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**NEVIN FARRIS,**

                    **Plaintiff,**

                                                  CIVIL ACTION
          vs.                                          No. 05-3380-SAC

**CORRECT CARE SOLUTIONS, et al.,**

                    **Defendants.**

### ORDER

    Plaintiff, a Kansas prisoner, proceeds pro se on complaint filed under 42 U.S.C. 1983.  Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. 1915.

    Plaintiff states he broke his hand in January 2005, and claims defendants failed to provide proper and timely medical care for this injury.  By an order dated September 29, 2005, the court directed plaintiff to supplement the complaint with a greater showing of plaintiff's exhaustion of administrative remedies to avoid dismissal of the complaint without prejudice, pursuant to 42 U.S.C. 1997e(a).

    In response, plaintiff explains and acknowledges his failure to exhaust administrative remedies, and provides a copy of the grievance he recently submitted for administrative review. Plaintiff seeks a stay of this matter pending his completion of this administrative process.

    Plaintiff's motion for a stay is denied.  Section 1997e(a) clearly directs prisoners to fully exhaust administrative

remedies *prior to* bringing an action in federal court concerning the conditions of a prisoner's confinement. Plaintiff recognizes he has not done so in this case, and identifies no untoward consequences or prejudice that will result if the complaint is dismissed without prejudice. The court thus finds the complaint should be dismissed to allow plaintiff to pursue administrative remedies, and to provide the opportunity for full administrative review of plaintiff's claims. The dismissal is without prejudice to plaintiff refiling his complaint after fully exhausting available administrative remedies.

Plaintiff's motion for a temporary restraining order and a preliminary injunction (Doc. 4) is denied. Plaintiff cites a recent disciplinary action against him as possible retaliation against plaintiff based on his ethnicity and his filing of the instant complaint, and states his belief that further retaliatory conduct will result without a court order. This information, especially where no appeal in the disciplinary action is indicated, is insufficient to establish that plaintiff will suffer irreparable harm if the extraordinary relief being requested is not granted. *See* Lundgrin v. Claytor, 619 F.2d 61, 62 (10th Cir. 1980)(stating the showing required for issuance of a temporary restraining order or preliminary injunction).

IT IS THEREFORE ORDERED that plaintiff's motion for a stay (Doc. 5), and motion for a temporary restraining order or preliminary injunction (Doc. 4), are denied.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice, and that plaintiff's motion for leave to proceed in

forma pauperis is dismissed as moot.

**IT IS SO ORDERED.**

DATED:  This 12th day of October 2005 at Topeka, Kansas.


<u>  s/ Sam A. Crow          </u>
SAM A. CROW
U.S. Senior District Judge